**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRAY & GILLESPIE IX, LLC,**

        **Plaintiff,**

-vs-                                        **Case No. 6:07-cv-326-Orl-31KRS**

**HARTFORD FIRE INSURANCE**
**COMPANY and WESTCHESTER**
**SURPLUS LINES INSURANCE**
**COMPANY,**

        **Defendants.**

_____

# ORDER

    This matter comes before the Court on the Motion to Dismiss (Doc. 17) filed by Defendant The Hartford Fire Insurance Company ("Hartford") and the response (Doc. 25) filed by the Plaintiff, Bray & Gillespie IX, LLC ("B&G").

**I.    Background**

    This case involves a dispute over insurance coverage for damage suffered by a hotel, Surfside Resort and Suites ("Surfside Resort"), as a result of Hurricanes Charley, Frances, and Jeanne in 2004. (Doc. 1 at 1). In December 2004, during the bankruptcy proceedings of the hotel's owner, Surfside Resort and Suites, Inc. ("Surfside Inc."), B&G acquired the rights to the proceeds of the insurance polices covering the hotel. (Doc. 1 at 3). B&G contends that Hartford has not fully reimbursed B&G for losses at the hotel. (Doc. 1 at 1-2).

**II.     Analysis**

Hartford moves for dismissal of the Complaint on numerous grounds, none of them meritorious.  For example, Hartford contends that B&G's complaint contains a fatal inconsistency, in that B&G alleges at one point that Surfside Inc. was advanced $645,000 and alleges at another that Hartford has refused "to pay any of Plaintiff's losses caused by the Hurricanes". (Doc. 1 at 9). Obviously, however, Surfside Inc., is not the Plaintiff in this case, and there is no inconsistency between the two allegations.  Similarly, Hartford makes a fallacious inconsistency argument by pointing out that B&G has pled that it suffered three losses (i.e., because of Charley, Francis, and Jeanne, respectively) and that it suffered a loss of $33,266,726. (Doc. 17 at 2-3).  Even if Hartford were accurately quoting the Complaint, which it is not, such a semantic quibble would not justify dismissal.

Hartford raises a number of other points, including that B&G (1) has failed to specify what damage occurred as a result of each storm, and what claim was made for each storm; (2) improperly incorporated seven paragraphs dealing with another Defendant's claims-handling procedures into the breach of contract count against Hartford; (3) that B&G is improperly seeking damages for things such as lost business opportunities and the time value of money, which are not covered under Hartford's policy; (4) refers to "Hartford's wrongful claims handling," which is immaterial, impertinent, and scandalous, and must be stricken; and (5) has no need for a declaratory judgment, because Hartford agrees there were three occurrences.  Hartford's "memorandum of law" is almost entirely devoid of citation to legal authority and relies on repetition rather than analysis to support of the arguments advanced in the motion.  None of the arguments warrant extended discussion.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 17) filed by The Hartford Fire Insurance Company is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 30, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party