**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRAY & GILLESPIE IX, LLC,

                      **Plaintiff,**

-vs-                                   **Case No. 6:07-cv-326-Orl-31KRS**

HARTFORD FIRE INSURANCE
COMPANY and WESTCHESTER
SURPLUS LINES INSURANCE
COMPANY,

                      **Defendants.**

_____

# ORDER

      This matter comes before the Court on the Motion to Dismiss filed by Defendant

Westchester Surplus Lines Insurance Company ("Westchester") (Doc. 20) and the response (Doc.

28) filed by the Plaintiff, Bray & Gillespie IX, LLC ("B&G").

**I.      Background**

      This case involves a dispute over insurance coverage for damage suffered by a hotel,

Surfside Resort and Suites ("Surfside Resort"), as a result of Hurricanes Charley, Frances, and

Jeanne in 2004. (Doc. 1 at 1). In December 2004, during the bankruptcy proceedings of the

hotel's owner, Surfside Resort and Suites, Inc. ("Surfside Inc."), B&G acquired the rights to the

proceeds of the insurance polices covering the hotel. (Doc. 1 at 3). B&G contends that Surfside

Resort suffered hurricane damage in excess of its primary coverage but that Westchester, the

excess insurer, has failed to pay as required by its policy. (Doc. 1 at 7).

## II.      Analysis

Westchester contends that the instant suit is premature in that B&G has not alleged that the primary insurer – Defendant Hartford Fire Insurance Company ("Hartford") – has paid its policy limits as to any of the hurricanes.  (Doc. 20 at 1).  However, the Hartford policy has a $10 million per occurrence limit, and B&G has alleged that the Surfside Resort suffered $33 million in damage as a result of the three hurricanes.  (Doc. 1 at 8).  As a result, B&G has stated a claim for at least $3 million in coverage from Westchester, regardless of how much has been paid by the primary insurer.

Westchester argues that Surfside Inc. is an indispensable party to these proceedings because it is "the sole policyholder for the coverage afforded by Westchester."  (Doc. 20 at 2).  In its memorandum, Westchester analyzes this issue under Rule 20, which governs permissive joinder of parties, rather than Rule 19, which governs joinder of indispensable parties.  As such, its argument is somewhat inapposite.

Westchester also alleges that Surfside Inc. and/or B&G failed to fulfill some obligations under the Westchester policy.  Even if Westchester is correct, this would not justify dismissal of the complaint.  And Westchester joins with Hartford in making a number of entirely frivolous arguments, such as that B&G has inconsistently pled that it suffered one loss and three losses, and that the Complaint should be dismissed because it seeks certain categories of damages, such as lost business opportunities, for which the pertinent policies do not provide coverage.  As was the case when Hartford made these arguments, they do not warrant extended discussion.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the

Motion to Dismiss (Doc. 20) filed by Defendant Westchester Surplus Lines Insurance Company is

**DENIED**.

        **DONE** and **ORDERED** in Chambers, Orlando, Florida on May 31, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party