# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE IX, LLC,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-326-Orl-31KRS**

**HARTFORD FIRE INSURANCE
COMPANY and WESTCHESTER
SURPLUS LINES INSURANCE
COMPANY,**

       **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF BRAY & GILLESPIE IX, LLC'S . . . MOTION TO QUASH SUBPOENAS OR FOR PROTECTIVE ORDER (Doc. No. 46)
>
> **FILED:** March 25, 2008
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Defendant Hartford Fire Insurance Company (Hartford) served a subpoena on Maya Cater[1], an employee of Plaintiff Bray & Gillespie IX, LLC (B&G) on March 19, 2008, and on B&G's expert

---

[1] B&G refers to Cater as a party to the case, but she is not a named plaintiff or defendant. B&G has not presented any evidence to establish that Cater is an officer, director or managing agent of B&G. *See* Fed. R. Civ. P. 32. Accordingly, I view both Cater and Pohl as nonparties for purposes of this order.

witness, Brian Pohl, on March 18, 2008, requiring each of them to appear for a deposition and produce documents on March 28, 2008. B&G seeks an order quashing the subpoenas because they were not served more than ten days before the deposition date. Alternatively, B&G seeks a protective order arguing that producing the documents would create an undue burden and that the timing of the subpoenas creates unfair surprise.

The discovery period in this case ends on May 30, 2008. Doc. No. 40. The correspondence attached to the motion reflects that counsel for Hartford had negotiated primarily with Michael DiCanio with the law firm Reed Smith about the depositions in this case. Mr. DiCanio is not counsel of record for any party or witness in this case, and none of the lawyers of record have indicated that they are affiliated with Reed Smith.[2]

In a letter dated March 20, 2008, Attorney DiCanio wrote to counsel for Hartford as follows: "Until your clients have complied with their written discovery obligations we do not intend to have anyone deposed." Doc. No. 46-2, Ex. C. Assuming Attorney DiCanio has authority to speak for B&G or the witnesses in this case, his position is wrong as a matter of law. Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court permit one party to refuse to proceed with discovery until an opposing party responds to discovery requests.

Nevertheless, Local Rule 3.02 requires that a party who wishes to take the deposition of any person, including someone who is not a party, provide at least ten days notice in writing of the deposition. Under Federal Rule of Civil Procedure 6, a ten-day period is computed by excluding the

---

[2] I am aware from public information that some lawyers with Anderson Kill & Olick PC plan to join Reed Smith. However, the present motion is filed by counsel affiliated with Anderson Kill & Olick, P.C., and no lawyer of record has notified the Court that he or she is now affiliated with another law firm.

day the notice was given in writing and intermediate Saturdays, Sundays and legal holidays. Using this calculation, written notice was not given to either nonparty deponent more than ten days before the scheduled deposition date.

Accordingly, the motion for a protective order is **GRANTED**, and the depositions shall not proceed on March 28, 2008. The motion is **DENIED** in all other respects. Counsel of record shall speak to each other, rather than communicating by correspondence or email, to schedule a mutually convenient time for the depositions.

It is further **ORDERED** that counsel of record shall forthwith advise the Court of their new law firm affiliations and addresses. Additionally, it is **ORDERED** that any attorneys who wish to be involved in deposition scheduling or participate in taking or defending depositions must be admitted as counsel of record in this case. *Cf. Disabled Patriots of Am., Inc. v. HT West End., LLC,* No. 1:04-cv-3216 JEC, 2006 WL 449152 (N.D. Ga. Feb. 23, 2006)(the practice of law is not limited to appearing in court, citing cases).

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties