# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE IX, LLC,**

      **Plaintiff,**

**-vs-**                                    **Case No. 6:07-cv-326-Orl-KRS**

**HARTFORD FIRE INSURANCE COMPANY and WESTCHESTER SURPLUS LINES INSURANCE COMPANY,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS' JOINT MOTION TO STRIKE OR EXCLUDE PLAINTIFF'S SUPPLEMENTAL EXPERT REPORTS (Doc. No. 72)
>
> **FILED:** May 9, 2008

## I. BACKGROUND.

In this action, Plaintiff Bray & Gillespie IX, LLC (B&G) alleges that Defendants The Hartford Fire Insurance Company (Hartford) and Westchester Surplus Lines Insurance Company (Westchester) failed to reimburse B&G under insurance policies for damages done to the Surfside Resort and Suites (Surfside) during the 2004 hurricane season. Doc. No. 1.

In the Amended Case Management and Scheduling Order, B&G was required to disclose its expert reports by March 7, 2008, and the defendants were required to disclose their expert reports by April 4, 2008. Doc. No. 40. On March 7, 2008, B&G served its expert report of Brian C. Pohl and a report from Universal Engineering Sciences, authored by Pohl. Doc. No. 72-6. The defendants disclosed their expert reports on April 4, 2008. Doc. No. 72.

On May 2, 2008 B&G served a Supplement to Plaintiff Bray & Gillespie's Rule 26(a)(2) Disclosure of Expert Testimony, doc. no. 72-2, along with reports from Universal Engineering Sciences, Inc., doc. nos. 72-3 through 72-5. The first of the new reports (the "Asbestos Report"), authored by Richard LaRocca and Lindsey Weaver, discussed an asbestos survey done at Surfside. This report was transmitted to John Ellison, Esq., at the address of Surfside by a cover letter dated March 6, 2008, but next to Weaver's signature is the handwritten date of 4/9/08. Doc. No. 72-3 at 2. The second of the new reports (the "Air Quality Report"), authored by Richard LaRocca and Brian Pohl, discussed a limited indoor air quality assessment performed at Surfside. It was also sent to Ellison at the address of Surfside, and it bears the date of March 14, 2008. Doc. No. 72-4 at 27.

After receiving the supplemental reports, the defendants filed the present joint motion to strike or exclude B&G's supplemental expert reports as untimely. Doc. No. 72. B&G has filed a response to the motion. Doc. No. 77.

On June 16, 2008, a Second Amended Case Management and Scheduling Order was entered, extending the discovery deadline until August 29, 2008, and the trial date until February 2, 2009. Doc. No. 105. The date for serving expert reports was not extended.

**II. APPLICABLE LAW.**

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." The disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involves giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id*. The disclosures must be made "at the times and in the sequence that the court orders," and the parties must supplement the disclosures when required by Rule 26(e). Fed. R. Civ. P. 26(a)(2)(C), (D).

Rule 26(e)(1)(A) states that a party must supplement a disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ." As to an expert witness, the "party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.

Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

Rule 37(c)(1) states that if a party fails to identify an expert witness or provide the information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition to or instead of this sanction, the Court may impose other sanctions for a party's failure to comply. *Id.*

**III.   ANALYSIS.**

The defendants argue that B&G's supplemental report contained previously undisclosed information and failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B) by identifying new expert witnesses without providing the information required as to each expert. They contend that the belated disclosures are prejudicial to them.

*A.     New Expert Witnesses.*

The defendants object to LaRocca and Weaver serving as expert witnesses because B&G did not identify them as experts before the expert disclosure date and has not provided the information required by Rule 26(a)(2)(B) regarding either expert. Rule 26(a)(2) only requires a party to disclose the identity of a witness and provide a written report with the information required by Rule 23(a)(2)(B) if that party will use that witness "at trial to present evidence . . . ." In its response to the motion, B&G states that neither LaRocca nor Weaver will be called to testify at trial and that all of the results of the Universal Engineer Sciences analysis will be presented through Pohl. Therefore, as LaRocca and Weaver will not be called to testify at trial, their disclosure was not required by Rule 26(a)(2).

-4-

### B. *Untimely Disclosures.*

Rule 26(e) requires supplementation of an expert's report "by the time the party's pretrial disclosure under Rule 26(a)(3) are due." Rule 26(a)(3)(B) provides that "unless the court orders otherwise," supplemental disclosures "must be made at least 30 days before trial." The original Case Management and Scheduling Order (CMSO) provided that disclosures pursuant to Rule 26(e) should be made before the date set forth in the CMSO for disclosure of expert witness reports. Doc. No. 30 at 3. Therefore, B&G's disclosure of "supplements" to Pohl and Universal Engineering's original expert reports was not timely because it was not made before the March 7, 2008, due date.

### 1. Substantial Justification.

B&G submits that the belated disclosures were substantially justified because neither report was received by its counsel before the expert witness disclosure date. "'Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differed as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance.'" *Ellison v. Windt*, Case No. 6:99-cv-1268-Orl-KRS, 2001 U.S. Dist. Lexis 1347, at *4-5 (M.D. Fla. Jan. 24, 2001) (quoting *Chapple v. Alabama*, 174 F.R.D. 698, 701 (M.D. Ala. 1997).

B&G does not address why, in the exercise of due diligence, the reports could not have been timely prepared and disclosed. Discovery was permitted in this case after counsel met to prepare the Case Management Report on May 29, 2007. *See* Doc. No. 29; Local Rule 3.05(c)(2)(B). There is nothing in the Court's file that reflects any dispute or delay regarding the experts getting access to

Surfside. Therefore, nothing in the file shows substantial justification for B&G's failure to have the reports completely prepared and timely disclosed.

### 2. Prejudice to the Defendants.

Finally, sanctions will not be imposed if the failure to disclose the expert reports timely was harmless. "'Failure to make the required expert witness disclosures is harmless when there is no prejudice to the party entitled to the disclosure.'" *Ellison*, Case No 2001 U.S. Dist. Lexis 1347, at *5 (quoting *Chapple*, 174 F.R.D. at 701).

The record reflects that the defendants were aware before their expert witness reports were due that B&G intended to submit supplemental reports regarding the asbestos and air quality issues. In his original report, Pohl stated that "a mold and indoor air quality assessment and asbestos survey were performed" and notes that the results of these tests would be "provided in a separate report." Doc. No. 72-6 at 2. The Court's record does not reflect that the defendants sought to compel production of the separate report, or to preclude its use, before their expert witness disclosures were due.

The defendants also argue that they are prejudiced because they have already disclosed their expert reports and the discovery deadline is fast approaching. After the motion was filed, however, the discovery deadline was extended to August 29, 2008. Therefore, time remains to permit the defendants to supplement their expert witness disclosures, as necessary, to address the Asbestos and Air Quality Reports, and to permit the parties to depose the expert witnesses before the close of discovery.

Accordingly, it is **ORDERED** that Defendants' Joint Motion to Strike or Exclude Plaintiff's Supplemental Expert Reports, doc. no. 72, is **DENIED**. It is further **ORDERED** that defendants may serve supplements to their expert witness reports on or before July 11, 2008. To the extent that the defendants took the deposition of expert witness Pohl before the Asbestos and Air Quality Reports were disclosed, they have permission to reopen the deposition to address these additional reports.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties