# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRAY & GILLESPIE IX, LLC,**

                    **Plaintiff,**

**-vs-**                                       **Case No.  6:07-cv-326-Orl-KRS**

**HARTFORD FIRE INSURANCE COMPANY and WESTCHESTER SURPLUS LINES INSURANCE COMPANY,**

                      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S EMERGENCY MOTION TO QUASH SUBPOENA FOR DEPOSITION OF ATTORNEY WAYNE D. TAYLOR AND FOR A PROTECTIVE ORDER PREVENTING DEPOSITION OF ATTORNEY WAYNE D. TAYLOR (Doc. No. 101)
>
> **FILED:** June 13, 2008
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

> **MOTION:** DEFENDANT, THE HARTFORD FIRE INSURANCE COMPANY'S EMERGENCY MOTION TO QUASH SUBPOENA FOR DEPOSITION OF ATTORNEY, GERALD T. ALBRECHT, AND FOR A PROTECTIVE ORDER PREVENTING DEPOSITION AND THE PRODUCTION OF DOCUMENTS FROM ATTORNEY GERALD T. ALBRECHT (Doc. No. 106)
>
> **FILED:** June 16, 2008
> ───────────────────────────────────────────
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

**I.   BACKGROUND**.

This case arises from damage to the Surfside Resort and Suites (Surfside) during hurricanes that swept through Florida in 2004. Defendant The Hartford Life Insurance Company (Hartford) provided the primary "all-risk" insurance coverage for Surfside, and Defendant Westchester Surplus Lines Insurance Company (Westchester) provided excess coverage.  Plaintiff Bray & Gillespie IX, LLC alleges that it acquired all rights to Surfside, including rights to insurance coverage proceeds under the Hartford and Westchester policies, by assignment in December 2004.

B&G alleges that Hartford and Westchester failed to pay damages arising from the hurricanes as required under the insurance policies.  It filed causes of action for breach of contract against each defendant, and it seeks a declaratory judgment regarding whether the damages to Surfside arose from a single occurrence or multiple occurrences.

In the present litigation, Hartford is represented by Gerald T. Albrecht, Esq., and David H. Shaw, II, Esq., both affiliated with Butler Pappas, LLP.  Westchester is represented by Ruth M. Pawlak, Esq., and Wayne D. Taylor, Esq., both affiliated with Mozley, Finlayson & Loggins, LLP, and Janet L. Brown, Esq., affiliated with Boehm, Brown, Fischer, Harwood, Kelly & Scheihing, P.A.

On May 20, 2008, B&G issued subpoenas *duces tecum* to Albrecht and Taylor, requiring them to produce documents. It appears that B&G may also have intended the subpoenas to require Albrecht and Taylor to be deposed, although the deposition section of each subpoena is not checked. *See* Doc. No. 101-3; Doc. No. 107, Ex. A. Hartford and Westchester filed the present motions to quash the subpoenas and for a protective order prohibiting B&G from deposing or obtaining documents from their counsel. I stayed the subpoenas pending responses to the motions, which have now been filed. Accordingly, the motions are ripe for consideration.

## II.    APPLICABLE LAW.

The Court "is given wide discretion in setting the limits of discovery, and its judgment will be overturned only when clearly erroneous principle of law is applied or no evidence rationally supports the decision." *Id.* at 1546-47. Among other things, Federal Rule of Civil Procedure 26(b)(2)(C)(i) expressly permits the Court to limit the frequency and extent of discovery if it determines that the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive.

Rule 26(c)(1) provides that, upon motion and a showing of good cause, a court may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. The Court must balance the interests of the party seeking discovery with the interests of the party seeking the protective order. *See, e.g., Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

**III.    ANALYSIS.**

While many arguments were raised in the motions and responses, I will address only the requests for protective orders.

It appears to be undisputed the Albrecht and Taylor were involved, to some extent, in the pre-suit investigation of B&G's claims. Hartford concedes that Albrecht conducted examinations under oath and wrote letters on its behalf. It contends, however, that the transcripts of the examinations and the letters have been produced. Westchester concedes that Taylor attended a meeting and wrote letters on its behalf during the claims investigation. It submits that the letters have been disclosed, and that others attended the meeting who can testify about what occurred.

Based on the record currently before the Court, it would be premature to permit B&G to depose Albrecht and Taylor before pursuing other sources for facts about why the Surfside claims were not paid in full. I find, pursuant to Rule 26(b)(2)(C)(i), that discovery of the claims handling process, and factual information and documents related thereto, can be obtained from individuals other than Albrecht and Taylor more conveniently and with less burden that permitting B&G to depose the defendants' outside trial counsel. As such, the interests of Hartford and Westchester in protecting their trial counsel from depositions outweigh B&G's need to depose the attorneys to obtain discoverable information.

I further find that Westchester's request for an award of reasonable expenses, including attorneys' fees, incurred in filing its motion is not warranted. The papers submitted to the Court establish that Albrecht and Taylor were involved to some extent in the Defendants' pre-suit claims

investigation process. As such, B&G's position that it should be permitted to depose the attorneys was substantially justified. *See* Fed. R. Civ. P. 26(c)(3), 37(a)(5)(A)(ii).

**DONE** and **ORDERED** in Orlando, Florida on July 3, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties